**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 2:66-CV-02148-KS**

**COVINGTON COUNTY SCHOOL DISTRICT, ET AL.**                                              **DEFENDANTS**

---

MOTION FOR DECLARATION OF UNITARY STATUS

---

The Covington County School District (the "District") moves the Court to declare the District unitary, dissolve all injunctions entered in this case, and dismiss this case with prejudice.  In support of this Motion, and in addition to its Memorandum in Support submitted contemporaneously with this motion, the District shows as follows:

1.      In December 1966, the United States initiated this lawsuit against the District seeking disestablishment of its *de jure* racially dual school system.  On November 7, 1969, the Court of Appeals for the Fifth Circuit issued an Order enjoining the District from operating a dual school system based on race or color, requiring the District to operate a unitary school system, and adopting the Department of Health, Education and Welfare's desegregation plan (the "Plan").  Exhibit 1.  The Fifth Circuit modified the District's plan on July 21, 1975, ordering the District to institute a neighborhood student assignment system.  Exhibit 2.

2.      On November 5, 2003, the Government filed a motion for further relief alleging the District continued to operate racially identifiable schools at Hopewell Elementary and Seminary Attendance Center as to students and staff; completed construction projects without

regard to the impact on desegregation; provided superior facilities at Seminary compared to other schools in the District, and; impermissibly used race as a factor to select students for participation in extracurricular activities.

3.      Following a lengthy discovery period, the Parties entered settlement negotiations under the supervision of the Court.  The Parties successfully negotiated a new consent decree entered by the Court on July 5, 2005 (the "2005 Consent Decree") regarding the District's use of race in its extracurricular activities.  Exhibit 3.  The 2005 Consent Decree required the District to develop and adopt non-discriminatory policies governing the selection of "Homecoming honors, class favorites, 'Who's Who,' class superlatives, or other student honors."  Ex. 3.

4.      On March 8, 2006, the Court entered an additional consent decree negotiated by the Parties (the "2006 Consent Decree").  Exhibit 4.  The 2006 Consent Decree instituted changes to the student assignment plan under which the District operates six schools in four attendance zones[1]:

| | |
|---|---|
| Collins Zone: | Collins Elementary (K-4); Carver Middle School (5-8); and, Collins High School (9-12); |
| Hopewell Zone: | Hopewell Elementary (K-6).  Following completion of sixth grade, Hopewell students matriculate to Seminary Attendance Center for seventh through twelfth grades; |
| Mount Olive Zone: | Mount Olive Attendance Center (K-12); and, |
| Seminary Zone: | Seminary Attendance Center (K-12). |

---

[1]      The District also operates Covington County Career and Technical Education Center and Covington County Alternative School, which serve all students in the District.  No student is assigned to either the Career and Technical Education Center or Covington County Alternative School as his/her home school.

5.      The 2006 Consent Decree also implemented changes to the majority-to-minority (M-to-M) transfer policy, addressed construction and transportation concerns, and established a compensatory enrichment program at Hopewell Elementary.  The 2006 Consent Decree also established additional reporting requirements.  A Supplemental Consent Order was entered on February 3, 2009, implementing changes to the majority-to-minority transfer provisions of the 2006 Consent Order.  Exhibit 5.

6.      In 2015, the Government began a review of the District's compliance with its desegregation obligations and conducted site visits in May 2015 and July 2017.  Throughout 2017 and 2018, the District provided information and documentation requested by the Government related to its review of the District's compliance.  On February 6, 2019, the Government reported to the District that it "had an opportunity to review the District's Fall [2018] status report and the other information the District has provided to date this school year.  We have no additional questions or concerns at this time."  In February 2020, after receiving a complaint of race discrimination, the Government requested information about the District's appointment of a new Superintendent.  The District responded to this request, and in May 2020 the Government informed the District it had no additional questions about this hiring decision.

7.      The District has complied in good faith with this Court's 1969, 1975, 2005, 2006, and 2009 Orders for a reasonable period of time.

8.      The District has eliminated the vestiges of racial discrimination resulting from the former racially dual system to the extent practicable.

As more fully explained in the memorandum of authorities in support of this motion, the District is unitary because each of the following areas has been desegregated to the extent practicable: student assignment, faculty, staff, transportation, facilities, and extracurricular activities.

9.      The District proposes publishing notice in the local newspaper of its motion for declaration of unitary status for a two-week period and providing written comment / objection forms to allow private citizens to share their comments or objections with the Court.  The District will also publish notice on its website and social media.  The District will defer to the Court on whether it wishes to hold a "Fairness Hearing" following the submission period for written comments / objections.

10.      The District relies on the following exhibits in support of its motion:

Exhibit 1:      November 7, 1969 Order and HEW Plan;

Exhibit 2:      July 21, 1975 Order;

Exhibit 3:      2005 Consent Decree;

Exhibit 4:      2006 Consent Decree;

Exhibit 5:      2009 Supplemental Consent Order;

Exhibit 6:      2006 Transportation Revisions;

Exhibit 7:      Facilities Corrective Action Plan;

Exhibit 8:      2005 Extracurricular Policy Revisions and Articles;

Exhibit 9:      Extracurricular Rosters by school; and,

Exhibit 10:      Court Reports 2018-19 through 2020-21.

11.      This motion is unopposed by the United States.

Respectfully submitted, this 27th day of October, 2020.

**Covington County School District**


/s/  John S. Hooks

OF COUNSEL:

John S. Hooks
Mississippi Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:      601.353.3234
Facsimile:       601.355.9708
E-mail:           John.Hooks@arlaw.com

And

Tommy B. Rogers
MS Bar No. 5653
403 Second Street South
Post Office Box 11415
Collins, Mississippi 39428-1415
Telephone:      601.765.8235
Facsimile:       601.76538237

**CERTIFICATE OF SERVICE**

I, John Hooks, certify that I have this day filed a true and correct copy of the above

document with the Clerk of this Court via the CM/ECF system, which cause notice of filing to be

served on all registered counsel of record.

Dated: October 27, 2020.

/s/  John S. Hooks